USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/21/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Shilen Amin, <br><br>                                       Plaintiff, <br><br>        -against- <br><br> Jitin Hingorani et al., <br><br>                                       Defendants. | 1:22-cv-09851 (SDA) <br><br> **ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is Plaintiff's motion for a default judgment and related relief. (Mot. for Default J., ECF No. 102.) Plaintiff's 3-page motion is unaccompanied by a memorandum of law and contains insufficient support for the relief Plaintiff seeks.

"A motion for a default judgment must be made in compliance with Rule 55(b) of the Federal Rules of Civil Procedure and Local Civil Rule 55.2." *Rankel v. Kabateck*, No. 12-CV-00216 (VB), 2013 WL 7161687, at *7 (S.D.N.Y. Dec. 9, 2013). "Courts have significant discretion in granting default judgments and consider the following factors: (1) whether the defendant's default was willful; (2) whether [the] defendant has a meritorious defense to [the] plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Mulligan Funding LLC v. Tommy Interior Contracting Corp.*, No. 23-CV-08808 (RER) (JAM), 2025 WL 450652, at *5 (E.D.N.Y. Feb. 11, 2025). Plaintiff has not addressed these factors.

Moreover, although Plaintiffs cites to prior briefing, he has not, in conjunction with the current motion, established that his factual allegations establish a cause of action or that he is entitled to injunctive relief. *See Labarbera v. ASTC Lab'ys Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y.

2010) (although "defendant's default is an admission of all well-pleaded factual allegations in the complaint except those relating to damages . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law."); *Realsongs, Universal Music Corp. v. 3A N. Park Ave. Rest. Corp.*, 749 F. Supp. 2d 81, 93 (E.D.N.Y. 2010) ("A court may issue an injunction on a motion for default judgment if "the moving party shows that (1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction."). Plaintiff also has not demonstrated that he served Defendants with the motion for default judgment.

Accordingly, it is herby ORDERED that, no later than May 5, 2025, Plaintiff shall file a supplemental submission in support of his motion addressing these deficiencies, and shall file proof of service of Plaintiff's motion ad supplemental submission on Defendants.

**SO ORDERED.**

Dated:    New York, New York
          April 21, 2025

_____
STEWART D. AARON
United States Magistrate Judge