**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Shilen Amin,

               Plaintiff,

      -against-

Jitin Hingorani et al.,

               Defendants.

**1:22-cv-09851 (SDA)**

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

WHEREAS, on November 18, 2022, Plaintiff filed this action asserting that Defendants infringed on his trademarks in promoting and conducting competing film festivals (Compl., ECF No. 1); and

WHEREAS, on September 21, 2023, the Court denied Plaintiff's motion for a preliminary injunction (9/21/23 Order, ECF No. 38); and

WHEREAS, on August 16, 2024, the Court denied Plaintiff's second motion for a preliminary injunction and denied as moot Plaintiff's motion for reconsideration, finding that Plaintiff had not alleged that Defendants had used two of his marks and had not demonstrated a likelihood of success, or serious issues going to the merits, of his claims that the other two marks, SOUTH ASIAN FILM FESTIVAL and SAFF, were protectable (8/16/24 Mem. Op. & Order, ECF No. 59); and

WHEREAS, Plaintiff filed another motion for reconsideration, which the Court denied on November 6, 2024 (11/6/24 Mem. Op. & Order, ECF No. 75); and

WHERAS, the parties consented to the undersigned's jurisdiction on November 6, 2024 (Consent, ECF No. 76); and

WHEREAS, on December 7, 2024, Plaintiff filed a Notice of Interlocutory Appeal of the Court's denials of his second motion for a preliminary injunction and second motion for reconsideration (Notice, ECF No. 81); and

WHEREAS, on January 7, 2025, the Court entered a Consent Judgment denying Plaintiff's motions for preliminary injunction (Consent J., ECF No. 90) and Plaintiff filed an Amended Notice of Interlocutory Appeal (Am. Notice, ECF No. 91); and

WHEREAS, on February 3, 2025, the Court granted Defendants' counsel's motion to withdraw (2/3/25 Order, ECF No. 94); and

WHERERAS, on April 9, 2025, Plaintiff moved for default judgment against all Defendants (Mot. for Default J., ECF No. 102); and

WHEREAS, on June 20, 2025, the Court denied Plaintiff's motion for a default judgment without prejudice pending a decision by the United States Court of Appeals for the Second Circuit on the then-outstanding appeal and staying the case pending a decision on the appeal (6/20/25 Order, ECF No. 106); and

WHEREAS, on April 2, 2026, the Second Circuit affirmed the January 7, 2025 judgment (Mandate, ECF No. 103); and

WHEREAS, on April 4, 2026, the Court entered an Order requiring Plaintiff to show cause in a letter filed to the ECF docket no later than April 20, 2026, why this case should not be dismissed in view of the Mandate issued by the Second Circuit (4/4/26 Order, ECF No. 108); and

WHEREAS, on April 23, 2026, the Court entered an Order requiring Plaintiff to respond to the Order to Show Cause and warning Plaintiff that failure to comply with such Order would result

2

in the dismissal of this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) (4/23/26 Order, ECF No. 109); and

WHEREAS, Plaintiff has not complied with the Court's Orders and evidenced no intent to proceed with this action in light of the Second Circuit's decision, which appears to foreclose the relief Plaintiff sought in his motion for a default judgment. *See Tellock v. Davis*, No. 02-CV-04311 (FB), 2003 WL 22999199, at *2 (E.D.N.Y. Dec. 17, 2003) (noting reluctance "to issue a default judgment in a case where it has been held that the plaintiff is not likely to succeed on the merits").

NOW, THEREFORE, it is hereby ORDERED that this action is dismissed for failure to prosecute.[1] *See* Fed. R. Civ. P. 41(b). The Second Circuit has warned "that a Rule 41(b) dismissal is a 'harsh remedy to be utilized only in extreme situations,'" *Murphy*, 2022 WL 1063138, at *1 (quoting *LeSane*, 239 F.3d at 209), but also has instructed "that the authority to invoke dismissal for failure to prosecute is 'vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts.'" *Id.* (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)). Having considered the relevant factors,[2] the Court finds that they weigh in favor of dismissal, particularly under the circumstances of this action, where Plaintiff's ability to proceed on the merits of his claims is in

---

[1] "Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute *sua sponte*." *Murphy v. Spaulding*, 20-CV-09013 (KMK), 2022 WL 1063138, at *1 (S.D.N.Y. Mar. 30, 2022) (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

[2] The factors are: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *Murphy*, 2022 WL 1063138, at *1 (citing *Hardimon v. Westchester County*, No. 13-CV-01249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014)).

doubt. As set forth above, Plaintiff has not communicated with the Court since the Second Circuit issued the Mandate on April 2, 2026 and has failed to respond to two Court Orders. Accordingly, this action is dismissed without prejudice for failure to prosecute.

The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Dated:      New York, New York
             May 5, 2026

_____
STEWART D. AARON
United States Magistrate Judge